IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PHOENIX PETROLEUM COMPANY,

    Plaintiff,

v.                               Civil Action No. 1:04CV128
                                                (STAMP)

ST. MARYS REFINING COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT NOV
OR, IN THE ALTERNATIVE, FOR NEW TRIAL**

I.  Background

The above-styled civil action arises out of a contract dispute between the plaintiff, Phoenix Petroleum Company ("Phoenix"), and the defendant, St. Marys Refining Company ("St. Marys"), involving a business venture for the purchase, processing, sale and marketing of used lube oil into marketable lube oils.[1] This action began in the United States District Court for the Northern District of West Virginia at the Clarksburg point of holding court before United States District Judge Irene M. Keeley, who entered an order denying cross-motions for summary judgment before transferring this action to the undersigned judge. Judge Keeley also entered an "Order Following January 5, 2006 Final Pretrial Conference" ("Final Order") stating the law of the case for several evidentiary issues.

---

[1] The contract between the parties is termed "Processing Agreement" for purposes of this opinion.

Following a three-day jury trial in the Northern District of West Virginia at the Wheeling point of holding court before the undersigned judge, a jury returned a verdict for the plaintiff in the amount of $413,409.82. The verdict form also indicated that the plaintiff was entitled to pre-judgment interest. An agreed second amended judgment was entered in favor of the plaintiff to include pre-judgment interest of $268,325.63 and post-judgment interest on the total amount of $681,735.45 (the sum of the judgment plus pre-judgment interest) at the rate of 4.60% per annum from February 9, 2006 until paid.

On February 24, 2006, the defendant filed a motion for judgment pursuant to Federal Rule of Civil Procedure 50(b). In the alternative, the defendant's motion requests a new trial pursuant to Federal Rule of Civil Procedure 59. The plaintiff filed a response in opposition to the defendant's motions on March 13, 2006 and the defendant filed a reply. For the reasons stated below, this Court finds that the defendant's motion for judgment and its motion for a new trial should be denied.

## II. Discussion

A. Motion for Judgment Notwithstanding Verdict

Federal Rule of Civil Procedure 50(b) provides:

> [i]f, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, . . . . [t]he movant may renew its request for judgment as a matter of law by filing a motion no later than ten days after entry of judgment . . . . In ruling on a renewed motion, the court may . . . if a

> verdict was returned: (A) allow the judgment to stand, (B) order a new trial, or (C) direct entry of judgment as a matter of law . . . .

Fed. R. Civ. P. 50(b). Generally, a judgment notwithstanding a verdict is appropriate "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." See Singer v. Dungan, 45 F.3d 823, 826-27 (4th Cir. 1995)(citations omitted). The movant is entitled to judgment pursuant to Rule 50(b) "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." See id.

St. Marys makes three arguments to support its motion for judgment. First, the defendant argues that the Processing Agreement does not require St. Marys to share in the project losses. Second, the defendant contends that Phoenix, by promising that St. Marys would recover operating costs if it maintained Phoenix's inventory, was estopped from recovering losses from St. Marys. Finally, the defendant argues that Phoenix was estopped from recovering losses from St. Marys by the plaintiff's litigation with Horn Brothers Oil Company and Nationwide Insurance Company (the "Horn Litigation"). Ultimately, St. Marys acknowledges its motion for judgment essentially asks this Court to reconsider rulings made by Judge Keeley in her opinion denying the parties' cross-motions for summary judgment. This Court addresses each of

St. Marys' argument in turn and declines to disturb Judge Keeley's rulings.

   1.   Processing Agreement Reimbursement Language

In her December 23, 2005 memorandum opinion and order, Judge Keeley held that paragraph 10 of the Processing Agreement established that parties agreed to some type of apportionment of all financial obligations that could include expenses, costs or losses.  Phoenix Petroleum Co. v. St. Marys Refining Co., No. 1:04CV128, 2005 WL 3535159, at *5 (N.D. W. Va. Dec. 23, 2005). Moreover, Judge Keeley held that the contract was ultimately ambiguous as to the meaning of terms such as "losses" and "division," and that material facts concerning losses and divisions were in dispute.  Accordingly, Judge Keeley denied St. Marys' earlier motion for summary judgment.

This Court finds the conclusions expressed in Judge Keeley's opinion to be reasonable for purposes of St. Marys' Rule 50(b) motion. See Singer at 826-27 (motion proper when there can be but one reasonable conclusion). Accordingly, this Court finds that the defendant's argument based on the Processing Agreement's language fails to demonstrate there can be but one reasonable exclusion, and therefore, this argument does not support the Rule 50(b) motion.

   2.   Estoppel by Dealings and/or Litigation

Judge Keeley addressed estoppel by dealings and holding that material facts existed as to whether one or the other party

"concealed its position about the 'division' of 'losses' and intended and reasonably expected the other party to rely on the concealment of its position." Phoenix Petroleum Co., 2005 WL 3535159, at *8. Similarly, Judge Keeley addressed judicial estoppel holding that "the record does not establish that Phoenix is taking a position in the present matter that is inconsistent with prior positions taken by it in the Horn Litigation." Phoenix Petroleum Co., 2005 WL 3535159, at *10. This Court agrees with Judge Keeley that St. Marys failed to sufficiently demonstrate that any dealings have estopped Phoenix from proceeding with the above-styled litigation. Moreover, this Court agrees that Phoenix's position in prior litigation is not inconsistent with Phoenix's position in this action, which concerns contractual obligations between Phoenix and St. Marys. Accordingly, this Court finds the defendant's Rule 50(b) motion should be denied.

B.  Motion for New Trial

Pursuant to Federal Rule of Civil Procedure 59(a), a court may grant a motion to alter a jury verdict to accommodate an intervening change in controlling law, to account for new evidence not available at trial, to correct a clear error of law or to prevent manifest injustice. Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59 also allows a court to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in

the courts of the United States." Fed. R. Civ. P. 59(a). A court may only set aside a jury's verdict if the verdict (1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice. <u>Atlas Food Systems & Services, Inc. v. Crane Nat'l Vendors, Inc.</u>, 99 F.3d 587, 594 (4th Cir. 1996).

In support of its motion for a new trial, St. Marys makes three arguments. First, the defendant argues that Judge Keeley erred when she interpreted a single sentence of the Processing Agreement by elevating that sentence above all others in what the court otherwise determined was an "ambiguous" Processing Agreement. (<u>See</u> Final Order at 9.) This Court finds no error or unwarranted elevation of terms. Instead, the Final Order merely stated that parties agreed to some type of apportionments, as Judge Keeley had previously found in her earlier December 23, 2005 opinion. Moreover, this Court did not prevent the jury from reviewing or considering the entire agreement. Indeed, this Court specifically instructed the jury:

> You should consider the Processing Agreement in its entirety, not merely one provision to the exclusion of the others; all of the provisions, when read together and in the light of each other, may help you to clarify what the parties, in fact, intended.

(Jury Instruction at 4.) Accordingly, the defendant's argument is based on unwarranted elevation of contract terms is without merit.

Next, the defendant contends that this Court erred when it deprived St. Marys of the opportunity to present at trial evidence and argument with respect to judicial estoppel. As stated above, judicial estoppel was held to be inapplicable to this action. Accordingly, any evidence purporting to support judicial estoppel was irrelevant and inadmissable. Fed. R. Evid. 402. Thus, the defendant's estoppel argument is without merit.

Finally, the defendant argues that this Court erred when it deprived St. Marys of the opportunity to present at trial evidence and argument that Phoenix was contractually responsible for the project losses that Phoenix sought to recover from St. Marys. The defendant points to language in Judge Keeley's Final Order that addresses Phoenix's objection to St. Marys' intent to introduce evidence at trial concerning International Petroleum Company's conduct. (Final Order at 9.) Judge Keeley held that Phoenix's claim turned on how losses were to be divided and did not involve the causation of such losses. Id. at 10. This Court finds Judge Keeley's ruling to be without clear error. The defendant cannot point to any language in the contract that suggests that the division of losses or profits would turn on which party "caused" such profits or losses. Accordingly, the defendant's final argument is without merit and the motion for a new trial should be denied.

### III. Conclusion

For the reasons stated above, the defendant's motion for judgment pursuant to Federal Rule of Civil Procedure 50 is DENIED and its motion for a new trial pursuant to Federal Rule of Civil Procedure 59 is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Denial of a post-trial motion for a new trial leaves the pre-existing judgment unaffected, and therefore, entry of a new judgment pursuant to Rule 58 is not required. Marre v. United States, 38 F.3d 823, 826 (5th Cir. 1994).

DATED: July 13, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE